## CRAWFORD v. GABLE.

A party, after entering a rule to choose arbitrators, may alter the day for selection, if before notice be given.

*May* 13.—IN this case a rule was entered to choose arbitrators on 17th May, at which time defendant not appearing, they were named and an award made. A motion was made to set aside the proceedings, which was based on an affidavit, that the date had been altered in the rule from the 10th to the 17th, after it was filed, which facts were admitted, but the court refused to set aside the proceedings, as no injury was alleged to have accrued by the alteration.

*Ford* and *Parke*, for plaintiffs in error.—This is a question of practice, under the Arbitration Act, and the power of the party taking out a rule of reference to alter the time specified in the notice, after it has been fixed, the rule entered, and the record made, to a more remote period. Act of June 16, 1836, Pamph. Laws, 715, sect. 8, c. 57.

The party cannot alter the time either in the notice or upon the record, after having been once entered. Having taken his rule, he is bound to abide his time—the time fixed by himself. If he has made a mistake, or does not choose to proceed to the choice of arbitrators at that time, he may allow it to pass, and upon a full expiration of the same, may then strike it off or treat it as a nullity, and commence de novo by taking out another rule.

The propriety, as well as the reason of this, is sufficiently obvious. If a different rule were to prevail, then there would be no certainty in the rights of parties. They would be subjected to continual inconvenience. For if one party taking out a rule of reference may alter the time of choosing arbitrators, after being once entered, to a more remote period, then he may do it again, and so on ad infinitum, to the prejudice and great inconvenience of the other. This surely was not the intention of the legislature, and ought not to be recognised in practice by the courts. Hence the judgment of the court below is erroneous. 2 Troub. & Haly's Prac. 560.

The plaintiff gained an advantage by this irregular proceeding, and the defendant was injured. By the alteration complained of, he avoided the costs which had accrued by his own neglect on the rule, and threw them upon the defendant.

The admission by the plaintiff of the alteration is on the record ; and the court, in their opinion, which is part of the record, recognised the

affidavit and the admission. The alteration and the admission thereof is, therefore, a part of the record.

This strange and irregular proceeding is plainly error, unless, indeed, parties can do as they please with our records.

*Franklin,* for defendant in error.—The notice of our rule declaring our determination to choose arbitrators was placed with the summons in the hands of the sheriff for service upon the defendants. Rule entered 23d of May, 1845, to choose arbitrators on the 10th of May. The sheriff neglected to serve the notice. This was discovered on the 1st of May, when the plaintiff's attorney changed or altered the 10th to the 17th of May, and gave notice accordingly. The alteration made before notice given.

They admitted that the notice, after the alteration, was properly served upon them.

The record is perfect, and this court must take it as it is.

No one was injured, and there is therefore no ground for the error assigned.

PER CURIAM.—There was no sufficient ground to strike off the rule of arbitration and award, and as no one was or could be injured by the alteration of the original entry. It was found impracticable to go on with the proceeding, at the time originally fixed for choosing the arbitrators; and no more was done by the clerk than to insert a more distant day. Had the opposite party already received notice, it is possible the case might have been different; but as the notice was given after the alteration, the same thing was effected as if the rule had been discharged, and a fresh one entered. The defendants received due notice of the true time, and every thing was regular.

Judgment affirmed.